Filed 1/3/23  P. v. Villaneda CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ROBERT VILLANEDA,<br><br>    Defendant and Appellant. | B319740<br><br>(Los Angeles County Super. Ct. No. ZM005312) |

APPEAL from an order of the Superior Court of Los Angeles County, Ronald O. Kaye, Judge.  Dismissed.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

In 1987, Robert Villaneda (defendant) attacked his father with an ax and a pick, wounding him in the head, back, and shoulder. At the time of the attack, defendant was paranoid (believing his family was conspiring against him) and experiencing command auditory hallucinations to attack his father. Defendant was tried on a charge of attempted murder, found not guilty by reason of insanity, and committed to Patton State Hospital (Patton) in 1989.

In 2003, defendant was discharged from Patton into a conditional release program (Program). For the next 13 years, defendant remained in various Program outpatient facilities. In 2016, defendant displayed increased mental health symptoms and bizarre behavior, despite a number of adjustments to his medication. (Among other things, defendant accused another Program client of clogging the facility's community toilet and causing plumbing problems at the homes of defendant's brother and one of the facility's staff members.) In view of defendant's psychiatric decompensation and paranoid ideation, and the resulting danger to the Program community, defendant was readmitted to Patton.

In 2021, the District Attorney for the County of Los Angeles filed a petition to extend defendant's commitment at Patton (Pen. Code, § 1026.5(b)). After defendant waived his right to a jury, the trial court held a bench trial where three witnesses, all experts, testified. The two experts for the People, one of whom had evaluated defendant on two prior occasions (in 2018 and 2020), found defendant still suffered from the same symptoms of mental illness as at the time of the commitment offense and, despite decades of therapy, possessed "little" to "no insight" into his illness, risk of violence, and need for treatment. Defendant's

expert, who had also previously assessed defendant twice before (in 2018 and 2020), opined that in view of the absence of any violent incidents since the attack on his father, defendant's mental disorder was in remission. In light of defendant's history of hospitalization, release, decompensation, and re-hospitalization, and in light of testimony that defendant was still suffering from delusions, the trial court granted the petition and ordered defendant's commitment extended for a period of two years.

Defendant appealed and this court appointed counsel to represent him. After examining the record, counsel filed an opening brief raising no issues. On August 22, 2022, this court advised defendant he had 30 days to personally submit any contentions or issues he wanted us to consider. We received no response.

We shall dismiss the appeal accordingly. As counsel appropriately acknowledges in his opening brief, *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) procedures do not apply to appeals from extensions of civil commitments of persons found not guilty by reason of insanity. (*People v. Martinez* (2016) 246 Cal.App.4th 1226, 1240; accord, *People v. Luper* (2022) 73 Cal.App.5th 1077, 1083.) Although an appellate court may retain an appeal where *Wende* review is not mandatory (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, n. 7), the circumstances here do not warrant such a course of action.

## DISPOSITION

The appeal is dismissed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

RUBIN, P. J.

MOOR, J.

4